James STALLINGS, Plaintiff—
Appellant,

v.

WALMART, INC., dba/Sams Club,
Defendant—Appellee,

and

John Does 1–5, Defendant.

No. 03–16958.
D.C. No. CV–02–00515–SOM.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 2004.*

Decided Dec. 17, 2004.

Daphne Barbee, Honolulu, HI, for Plaintiff–Appellant.

Jason C. Giles, Dwyer Schraff Meyer Jossem & Bushnell, Honolulu, HI, for Defendant–Appellee.

Appeal from the United States District Court for the District of Hawaii, Susan Oki Mollway, District Judge, Presiding.

Before BEEZER, GRABER, and BYBEE, Circuit Judges.

### MEMORANDUM**

Plaintiff–Appellant James Stallings was employed as a people greeter for Sam's Club, a division of Wal–Mart Stores, Inc.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

274

("Wal–Mart"), for several years until he was terminated at the age of 78. Stallings alleges age discrimination under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and Hawaii's Employment Discrimination Law, Haw. Rev.Stat. § 378–2. Stallings also asserts claims for negligent and intentional infliction of emotional distress. The district court granted summary judgment in favor of Wal–Mart as to all claims. We affirm.

To establish a prima facie case using circumstantial evidence under the ADEA and Hawaii law, Stallings must demonstrate that he was (1) a member of the protected class (age 40 or over); (2) performing his job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000); *Shoppe v. Gucci Am., Inc.*, 94 Hawaii 368, 14 P.3d 1049, 1058 (2000). Stallings has not demonstrated that he was replaced by a substantially younger employee with equal or lesser qualifications.

■ Stallings fails to salvage his claim with evidence that approximately one year after his termination, two younger employees began serving as people greeters in a temporary capacity because injuries prevented them from working in their normal positions of cashier and night merchandiser. Because these two employees began work as people greeters long after Stallings' termination, on account of their workers' compensation injuries, and then only on a temporary basis, the evidence does not support the proposition that Stallings himself was replaced by a substantially younger employee. Further, Stallings failed to introduce evidence showing that these employees had qualifications that were equal to or less than his own. Summary judgment is proper as to Stallings' age discrimination claims.

■ Stallings' claims for negligent infliction of emotional distress are barred by Hawaii's workers' compensation system. *See Beaulieu v. Northrop Grumman Corp.*, 161 F.Supp.2d 1135, 1148 (D.Haw. 2000).

Finally, to establish an intentional infliction of emotional distress claim under Hawaii law, Stallings must show "(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused extreme emotional distress to another." *Hac v. Univ. of Haw.*, 102 Hawaii 92, 73 P.3d 46, 60–61 (2003). Stallings has offered no proof in support of these elements.

AFFIRMED.